IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL C. BOSCO, JR.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16cv1264 |
| | ) | **Electronic Filing** |
| **PITTSBURGH BOARD OF PUBLIC** | ) | |
| **EDUCATION** and **JOHN** and/or | ) | |
| **JANE DOE**, | ) | |
| | ) | |
| Defendants. | ) | |

# OPINION

Michael C. Bosco, Jr., ("plaintiff") commenced this civil rights action against the Pittsburgh Board of Public Education (defendant or "the Board") and John and/or Jane Doe, seeking redress for the alleged publication of false information regarding plaintiff's prior work history at a Pittsburgh public school. This publication assertedly has infringed on plaintiff's protected liberty interest in pursuing an occupation, resulting in an alleged violation of substantive due process under the Fourteenth Amendment. Presently before the court is the Board's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be denied.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Under the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. Id. at

544. In other words, the allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In contrast, pleading facts that only offer "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will advancing only factual allegations that are "'merely consistent with' a defendant's liability." Id. Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct. Id. at 1949-50; see also Twombly, 550 U.S. at 563 n. 8 (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997) ("courts, when examining 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 556 U.S. at 678 ("'The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully.'"); Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

The record read in the light most favorable to plaintiff establishes the background set forth below. Up until April of 2012, plaintiff was a long-time employee of the Pittsburgh Public School District ("the district"). Hired in 1984, plaintiff worked within the district for almost 30 years. During the 2011-2012 school year, plaintiff was employed as a physical education teacher at Martin Luther King Elementary School. On or about November 15, 2011, and January 25, 2012, plaintiff was involved in two altercations with students and subsequently was suspended. The details of the incidents are not disclosed. No child abuse investigation occurred under Pennsylvania's Child Protective Services Law, 23 Pa.C.S. § 6301 ("the CPSL").

Plaintiff and the Board entered into a mutual settlement and release agreement in April of 2012. Plaintiff agreed to resign voluntarily and not pursue any civil actions against the Board for claims that accrued before signing the agreement. In return, plaintiff received a severance package.

3

Plaintiff began apply for new employment positions in 2015, applying to Bentworth School District in June of 2015, Ambridge School District in August of 2015, and Montour School District in February of 2016. Each of these school districts was then required to obtain a Commonwealth of Pennsylvania Sexual Misconduct/Abuse Disclosure Release form under Act 168 of the Public School Code ("Act 168 form") from plaintiff's former employer. The Act 168 form required the district to answer several inquiries about any prior history of child abuse or sexual misconduct by plaintiff.

In completing the Act 168 forms the district consistently answered "yes" to the question "has the applicant been the subject of an abuse or sexual misconduct investigation by any employer, state licensing agency, law enforcement agency, or child protective services agency…?" Plaintiff asserts that this answer is "materially and patently false" because he has never been the subject of an investigation for child abuse as defined under the CPSL. And this "false" answer purportedly has deprived him of acquiring any position with a school district that involves direct contract with children, thereby depriving him of his "right" to pursue an occupation in education.

The Board attacks plaintiff's amended complaint on a number of fronts. First, it asserts that as a matter of law plaintiff's allegations regarding the disclosures to three prospective employers cannot supply the foundation to establish that the information was publically disseminated. Second, the circumstances giving rise to plaintiff's separation from employment preclude him from establishing a misrepresentation. Third, plaintiff's alleged loss of prospective employment opportunities cannot supply a protectable property or liberty interest under the Fourteenth Amendment. Finally, the Board asserts that plaintiff has not been foreclosed from an entire occupation because Act 168 forms are not required at all schools within the Commonwealth.

4

Plaintiff contends that disseminating information to prospective employers satisfies the limited dissemination needed to allege public disclosure, and the information disseminated was false because he was not investigated for "child abuse" within the meaning of the CPSL. In addition, the district's conduct has foreclosed plaintiff from an entire occupation because the Act 168 form is required at both public and private schools in Pennsylvania. Thus, plaintiff contends that the amended complaint makes the requisite showing for a violation of his right to substantive due process under the Fourteenth Amendment.

In general, § 1983 does not itself create substantive rights, but instead provides a vehicle for vindicating a violation of a federal right.[1] Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). A cause of action under § 1983 has two elements: a plaintiff must prove (1) a violation of a right, privilege or immunity secured by the constitution and laws of the United States (2) that was committed by a person acting under color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cr. 1996); Kelly v. Borough of Sayerville, 107 F.3d 1073, 1077 (3d Cir. 1997); Berg v. City. Of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000) ("The Plaintiff must demonstrate that a person acting under color of law deprived him of a federal right.") (citing Groman, 4 F.3d at 633).

Claims premised on misrepresentation alleged to be in violation of substantive due process are analyzed under the "stigma-plus" doctrine. Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) (citing Paul v. Davis, 424 U.S. 693 (1976)). In order to meet the stigma requirement, it must be shown that there was a harm to one's reputation consisting of the

---

[1] Section 1983 creates liability against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

publication of a substantially and materially false statement that infringed upon the "reputation, honor, or integrity of the [individual]." Brown v. Montgomery County, 470 F. App'x 87, 91 (3d Cir. 2012). To satisfy the "plus" requirement, the claimant must show the defendant caused a deprivation of some additional constitutionally protected right or interest, such as the right to pursue a chosen occupation. See Kahan v. Slippery Rock University of Pennsylvania, 50 F. Supp. 3d 667, 711 (W.D. Pa. 2014).

Plaintiff's averments sufficiently advance a plausible showing of public dissemination. It has been recognized that the threshold for publication in a stigma-plus claim can be satisfied when an employer places stigmatizing information into an employee's personnel file and disseminates it to prospective employers. See Velger v. Cawley, 525 F.2d 334 (2d Cir. 1975) (information about a suicide attempt placed in an employee's personnel file and given to prospective employers sufficient to plead public dissemination) (reversed on other grounds) (Codd v. Velger, 429 U.S. 624 (1977)); see also, Smith v. Borough of Pottstown, No. CIV.A. 96-1941, 1997 WL 381778 at *14 (E.D. Pa. 1997) (public dissemination adequately established where the employer placed stigmatizing information in the employee's personnel file and made comments to members of other police departments about employee). Here, plaintiff avers that defendant falsely indicated he was the subject of a child abuse investigation and disseminated that information to three school districts with no operating connection to defendant. These alleged facts are sufficient to meet the plausibility standard for public dissemination.

The Board's assertion that the information was not publicized is thus unavailing. The Board cites cases such as Yu v. U.S. Dept. of Veteran Affairs to buttress its position. There, the court held that the defendant's dissemination of stigmatizing information to two different organizations was not sufficient to establish publication. 528 F. App'x. 181, 185 (3d Cir. 2003) But the instant case is distinguishable. In Yu, the organizations that received the information

6

were "operating partners" with the defendant. Id. Here, it must be inferred that the prospective employers, three school districts that were separate and unrelated operating entities from the district, were not in any such relationship. And merely being a school district within the Commonwealth does not render all district-to-district communications non-public. Cf., Smith v. Borough of Pottstown, 1997 WL 381778, at *14 (finding communications between Norristown Police Department and Pottstown Police Department established public disclosure between separate entities, notwithstanding both were formal Pennsylvania police departments). Therefore, the Board's argument does not as a matter of law eliminate plaintiff's ability to proceed.

Further, the Board's assertion that the publicized information was not false similarly falls short. As the Supreme Court in Codd v. Velgar observed, a stigma requirement cannot be met if the information that is being disseminated is true. 429 U.S. at 633 (1977). Implicit within the parties' respective positions here is a disagreement about which part of the Act 168 form gives rise to a falsity—defendant focuses on whether an investigation occurred; plaintiff focuses on whether the actions for which he was investigated can be considered child abuse. It appears from the submissions to date that the Code and relevant form obligated the district to account about both concepts in its response. In other words, there must have been an investigation involving a child and that investigation must have related to an alleged form of child abuse or sexual misconduct as defined by the CPSL. It follows that whether the averred altercations constituted child abuse, as per the Act 168 form, is a key discerning factor as to whether a plausible showing of falsity has been made.

This inquiry is thus two-fold: (1) the reach of the Act 168 form, and therefore the CPSL, with regard to the concept of child abuse, and (2) whether the prior altercations involved conduct within this definition. Act 168 defines "abuse" as "conduct which falls under the purview and

reporting requirements of 23 Pa. C. S. Ch. 63." 24 P.S. § 1-111.1(n). Although plaintiff argues that the district's failure to follow the reporting requirements of the CPSL sufficiently establishes that the altercations were not within the purview of child abuse, the district's purported failure to do so does not answer the question of whether plaintiff's actions properly can be designated as child abuse. Even though the investigation may not have followed the protocol enumerated in 23 Pa. C.S. Ch. 63, this does not create a sufficient showing that plaintiff's actions were not something that *should* have been handled through that process.

Notwithstanding any failure by the district to comply with the reporting requirements, the court must begin its inquiry by looking to the CPSL's definition of "child abuse." It defines child abuse as:

1. Causing bodily injury to a child through any recent act or failure to act.

...

5. Creating a reasonable likelihood of bodily injury to a child through any recent act or failure to act.

…

8. Engaging in any of the following recent acts:

    a. Kicking, … [or] throwing, … a minor child in a manner that endangers the child.

    b. Unreasonably restraining or confining the child. …

    c. …

23 Pa. C. S. § 6303(b.1).

The district suspended plaintiff for two "altercations," the facts of which are not developed in the record and averred to be outside the scope of this definition. While plaintiff's failure to supply additional information as to the exact nature of the altercations comes perilously close to presenting nothing more than a legal conclusion, the actual factual information presented

must be construed in the light most favorable to the plaintiff. Rocks, 868 F.2d at 645. An investigation by the County Children and Youth Services did not occur. A finding pursuant to the CPSL that either altercation was a form of child abuse did not occur. Plaintiff was not fired for either incident. With no information indicating or suggesting that the altercations caused bodily injury to the child, created a reasonable likelihood of bodily injury, or involved kicking, throwing or unreasonably restraining a child, the court will draw the inference that they did not. It follows that the district's indication to the contrary on the Act 168 form can be considered materially and substantially false for the purposes of the instant motion.

Likewise, the Board's contention that plaintiff has not advanced a plausible showing that the dissemination has infringed on a protectable interest is wide of the mark. In order to succeed on a stigma-plus claim, a plaintiff must prove that the defendant's actions encroached upon some additional right or interest. Kahan, 50 F. Supp. 3d at 711. Here, plaintiff seeks to satisfy this requirement by plausibly demonstrating that the district has infringed on his liberty interest in pursuing his chosen occupation.

The Fourteenth Amendment guarantees all persons born or naturalized in the United States the "liberty to pursue a calling or occupation." Simpson v. Nicklas, 500 F. App'x. 185, 188 (3d Cir. 2014). It is well settled that this right protects participation in an occupation as a whole. See Piecknick v. Pennsylvania, 36 F.3d 1250, 1262 (3d Cir. 1994) ("It is the liberty to pursue a calling or occupation . . . that is protected by the Fourteenth Amendment."). However, it does not encompass a specific job or role in an occupation, nor does it protect against deleterious effects arising from defamation such as impugning one's business reputation. See Klug v. Chicago School Reform Bd. of Trustees, 197 F.3d 853 (7th Cir. 1999) (a plaintiff's demotion from dean of incoming freshman at a high school to teacher at an elementary school did not constitute a deprivation of a protectable liberty interest); Sadallah v. City of Utica, 383

F.3d 34 (2d Cir. 2004) (damage to business reputation and deprivation of good will in business were merely deleterious effects of defamation and did not satisfy the "plus" requirement).

Hence, a defendant's stigmatizing conduct must rise to the level of foreclosing the plaintiff from an entire occupation. See Smith, 1997 WL 381778 at *13 (plus requirement deemed satisfied where the alleged stigma caused the plaintiff, a former police officer, to fail background checks and therefore infringed upon his ability to secure a job with any other police force in the state); see also, Fetsch v. City of Rosenberg, No. 6:11-cv-6343-TC, 2013 WL 2631495, at *7 (D. Or. June 11, 2013) (stigmatizing allegations regarding a police officer's lack of honesty—a "cornerstone for a position in law enforcement"—satisfied the plus requirement). Here, the affirmative answer on the Act 168 form is a sufficient factual predicate to demonstrate at the pleading stage that the door to pursuing a career in education has been closed. This is so because a reasonable inference can be drawn that plaintiff will be able to generate evidence to establish that few if any school districts would hire a candidate who has been investigated for child abuse. Cf. Fetsch, 2013 WL 2631495 at *7 (evidence pertaining to the effects from an accusation of dishonesty sufficient to establish a police officer was foreclosed from continuing his career).

Further, it is clear that the defendant's persistent dissemination would reasonably extend to both private and public schools, thereby bolstering plaintiff's ability to prove he has been foreclosed from an entire occupation. In this regard the satisfaction of the plus requirement depends on the influence of the Act 168 form, which comes from 24 P.S. § 1-111.1(b)(1)(iii)(A) (a part of the "Public School Code of 1949"). Although the title suggests that this code is solely applicable to public schools, 24 P.S. § 1-111.(a.1) plainly states that "beginning April 1, 2007, this section shall apply to all current and prospective employees of public and private schools." Thus, both public and private schools are required to issue the Act 168 form, and therefore it has

the potential to influence plaintiff's ability to get a job within any school entity. Cf. Tilson v. School Dist. Of Philadelphia, No. 89-1923, 1990 WL 98932 (E.D. Pa. July 13, 1990) (finding that the background check requirement in 24 P.S. § 1-111 is mandated for employees of both public and private school entities). It therefore appears at this juncture that plaintiff's allegations rise to a plausible showing of foreclosure from an entire occupation.

For the reasons set forth above, the Board's motion to dismiss will be denied. An appropriate order will follow.[2]

Date: September 14, 2017

s/David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc:    Joel S. Sansone, Esquire
        Massimo A. Terzigni, Esquire
        Brian P. Gabriel, Esquire

        (*Via CM/ECF Electronic Mail*)

---

[2] It readily is apparent that a number of inferences have been drawn in plaintiff's favor. Reasonable jurists could disagree about many of these. Although the amended complaint leaves much to be desired with regard to today's pleading standards, the court has chosen to proceed in this manner because it believes that the parties and those who face similar scenarios in the future will be better served by the lucidity gained in the development and refinement of the presented area of law pursuant to a clarified record.